■ In the Matter of the Claim of TYRONE T. THOMAS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 8, 1974, which reversed a decision of a referee and disqualified claimant from receiving unemployment insurance benefits because he voluntarily left his employment without good cause by provoking his discharge. Claimant, a general utility mechanic, was indefinitely suspended by his employer on October 15, 1973 for a prior unexplained absence from work. He was summoned to his employer's office on October 30, 1973, informed that the suspension was being lifted, and instructed to commence work immediately. He refused because of prior commitments requiring his attention for the next two days, whereupon he was discharged. The board concluded that claimant's reasons for not returning to work were personal and noncompell-

ing and that he failed to act in a reasonably prudent manner thereby provoking his discharge which was tantamount to voluntary leaving of employment without good cause. We disagree. *Matter of James (Levine)* (34 NY2d 491) discredits the board's application of the "provoked discharge" theory in this situation and would prevent disqualification unless the cause of the discharge otherwise amounted to misconduct in connection with employment within the meaning of subdivision 3 of section 593 of the Labor Law. Here, it is clear that claimant was not discharged for his prior actions, but for his failure to commence work immediately upon expiration of a disciplinary period of suspension. The employer's decision to suspend can only be taken to mean that it had not regarded claimant's prior conduct as sufficiently improper to warrant discharge. Therefore, under the rationale of *Matter of James (Levine) (supra)*, we cannot say that the present record supports an alternative theory of employee misconduct justifying the board's determination. However, instances of voluntary separation from employment without good cause often exist outside the "provoked discharge" area which can properly result in disqualification. *Matter of Guerrasio (Levine)*, (34 NY2d 491), which was decided with *Matter of James (Levine) (supra)*, illustrates this possibility. There an injured employee failed to return to work and it was concluded that the board's findings were consistent either with misconduct (by fixing her own periods of employment and failing to give notice of when she would be able to return to work) or with a voluntary termination of employment for the time being (34 NY2d 491, 497). By way of contrast, the record in this case reveals that the directive to claimant to commence working was issued contemporaneously with the termination of his suspension at a time when he had no specific indication that his employer would take such action. From his standpoint the summons to appear might have been intended for a variety of reasons. His reluctance to return to work immediately and his request to report two days later upon completion of personal matters would, therefore, appear quite understandable especially when the requested delay was later reduced to two hours. Decision reversed, without costs, and matter remitted for further proceedings consistent herewith. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.